UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT JOSEPH MCCARTY,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS MEADOWS, LTD, *et al.*,<br><br>Defendants. | Case No. 2:18-cv-00435-RFB-GWF<br><br>**<u>ORDER</u>** |

## I. INTRODUCTION

Before the Court are Defendants' Motion to Dismiss (ECF No. 8) and Plaintiff's Motion for Summary Judgment (ECF No. 13). For the reasons below, the Court grants Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Plaintiff's Amended Complaint. ECF No. 1.

On an unspecified date, Plaintiff Robert Joseph McCarty and a friend went on a tour of the Las Vegas Meadows community to see a mobile home unit listed for sale. A leasing agent drove Plaintiff in a golf cart and did not warn him of any potential hazards. When Plaintiff exited the golf cart, he struck his leg on a hazardous protruding step, which was unmarked and not painted yellow or orange to identify it as a hazard. Plaintiff's leg was injured and bleeding as a result of the incident. Las Vegas Meadows has a first aid kit but would not provide it to Plaintiff even though he was bleeding. Plaintiff has since developed a scar. Plaintiff seeks compensatory and punitive damages in the amount of $200,000.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on March 9, 2018. ECF No. 1. Defendants filed the instant Motion to Dismiss on April 11, 2018. ECF No. 8. Plaintiff filed the instant Motion for Summary Judgment on August 6, 2018. ECF No. 13.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984–85.

### V. DISCUSSION

For this Court to have subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). When the plaintiff originally files in federal court, the Court determines the amount in controversy from the face of the complaint, which controls so long as the claim is made in good faith. Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000). However, the Court must dismiss the action for lack of jurisdiction if, "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id. (quoting Crum, 231 F.3d at 1131).

///

The Court finds to a legal certainty that Plaintiff's claim cannot involve the amount necessary to confer jurisdiction. Plaintiff alleges that he injured his leg on a golf cart, causing bleeding and a scar. He faults Defendants for failing to provide a first aid kit. Plaintiff does not allege that any other medical care was sought, received, or necessary. Accepting all facts alleged in Plaintiff's complaint as true and construing them in the light most favorable to Plaintiff, the Court finds that it is obvious upon the face of the complaint that Plaintiff cannot prove damages exceeding $75,000 in this case.

### VI. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, as the Court finds it lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

DATED: March 11, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**